## COMMONWEALTH *vs.* JOHN O'DONNELL.

A complaint by H. F., inspector of milk in the city of Boston, alleging that the defendant, being a dealer in milk, and being recorded as a dealer in milk in the books of said H. F., sold adulterated milk, in violation of the provisions of Gen. Sts. c. 49, § 151, does not sufficiently allege that he was recorded in the books of the inspector as a dealer in milk.

COMPLAINT made in the police court of the city of Boston, in behalf of the Commonwealth, by Henry Faxon of Boston, inspector of milk in said city, alleging that the defendant, on

50 *

the thirty-first day of October, in the year of our Lord one thousand eight hundred and sixty, at Boston aforesaid, with force and arms, being then and there a dealer in milk, and being then and there recorded as a dealer in milk in the books of said Henry Faxon, did then and there knowingly sell to one John Hayes a certain quantity, to wit, one pint of adulterated milk, the same being then and there adulterated by the admixture of water therewith, and the said O'Donnell then and there well knowing the same to be so adulterated as aforesaid, against the peace, &c. The defendant was convicted in the police court and appealed to the superior court; and in the superior court demurred to the complaint, assigning as cause that there is no sufficient allegation that he was, at the time named therein, recorded in the books of the inspector of milk as a dealer in milk, as the law requires. The demurrer was overruled and the defendant appealed to this court.

*J. F. Pickering,* for the defendant.

*Foster,* A. G. for the Commonwealth.

BIGELOW, C. J. This complaint is clearly insufficient. It does not aver with certainty and precision that the name of the defendant was recorded, as a dealer in milk, in the books of the inspector. This was an essential and traversable fact, without proof of which the defendant could not be convicted of selling adulterated milk under Gen. Sts. *c.* 49, § 151. It was therefore necessary to allege it distinctly in the complaint.

The addition to the name of the complainant that he was an inspector of milk in the city of Boston, can be regarded only as *descriptio personæ.* It is not so alleged that the plea of not guilty would put his official character in issue. As it stands, it was a descriptive statement entirely immaterial to the offence intended to be charged by the complaint. Nor can it be helped by the subsequent allegation that the name of the defendant was recorded in the books of Henry Faxon, because we cannot support a complaint or indictment by connecting together its different parts, so as to eke out an essential allegation argumentatively and by inference.

*Demurrer sustained; judgment for the defendant.*